Matter of Progressive Advanced Ins. Co. v Littlefair (2022 NY Slip Op 02123)





Matter of Progressive Advanced Ins. Co. v Littlefair


2022 NY Slip Op 02123


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-07034
 (Index No. 611045/18)

[*1]In the Matter of Progressive Advanced Insurance Company, petitioner-respondent, 
v
Bertrand Littlefair, et al., respondents, Dairyland Insurance Company, appellant.


Alahverdian Van Leuvan P.C., Bethpage, NY (Gerard R. Van Leuvan of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Albert J. Galatan of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of claims for uninsured motorist benefits, Dairyland Insurance Company appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered May 10, 2019. The order, after a framed-issue hearing, in effect, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed, on the law and the facts, with costs, and that branch of the petition which was to permanently stay arbitration is denied.
On July 5, 2018, Alyssa M. Peletier was involved in a motor vehicle accident with Bertrand Littlefair and Eileen O'Connor. Littlefair and O'Connor filed claims with Peletier's insurer, Dairyland Insurance Company (hereinafter Dairyland), which disclaimed coverage on July 27, 2018, on the ground that it had canceled the policy issued to Peletier (hereinafter the subject policy) prior to the accident. Littlefair and O'Connor thereafter filed demands for arbitration of their claims for uninsured motorist benefits against Littlefair's insurance company, Progressive Advanced Insurance Company (hereinafter Progressive). On August 10, 2018, Progressive filed a petition, inter alia, to permanently stay arbitration. At the conclusion of a framed-issue hearing to determine whether Peletier's vehicle was insured on the date of the accident, the Supreme Court found that Dairyland did not properly cancel the subject policy and, in effect, granted that branch of the petition which was to permanently stay arbitration. Dairyland appeals.
According to the terms of the subject policy, Dairyland had the right to cancel the policy "for nonpayment of premium at any time by providing at least fifteen (15) days' notice of cancellation." The subject policy further provides that proof of mailing of a notice of cancellation was sufficient proof of notice of cancellation. Contrary to the Supreme Court's finding, Dairyland established that it mailed notice of cancellation to Peletier on May 22, 2018, 15 days prior to the effective date of cancellation of June 6, 2018, and that the subject policy was canceled due to nonpayment of premium. Accordingly, Dairyland complied with the terms of the subject policy in [*2]cancelling it.
While it is undisputed that the law of Vermont applies to the subject policy, Dairyland was not required to comply with the notice requirements imposed by 8 VSA §§ 4224 and 4226. Only a notice of cancellation of a policy to which 8 VSA § 4223 applies must comply with the notice requirements of 8 VSA § 4224 (see id. § 4224[a]). The subject policy was not subject to 8 VSA § 4223 because it had been in effect for less than 60 days at the time the notice of cancellation was mailed and was not a renewal policy (see id. § 4223[b]). Therefore, 8 VSA § 4224 was inapplicable. Similarly, 8 VSA § 4226 was inapplicable because notice was not required under 8 VSA § 4224 (see id. § 4226).
Dairyland's remaining contentions are academic in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court